IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMANDA GROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.   06 C 3413 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| THE GAP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Amanda Gross brought a three-count amended complaint against her former employer, The Gap, Inc.  Count I alleges that she was first denied a promotion and then terminated due to her gender and pregnancy in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq ("Title VII").  Count II alleges that defendant refused to honor doctor-recommended accommodations and denied her a promotion due to her pregnancy in violation of the Americans with Disabilities Act, 42 U.S.C.A. § 12112(a) et seq ("ADA").  Count III alleges that defendant terminated plaintiff due to her son's disability in violation of the ADA. Defendant has moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  For the reasons set forth below, defendant's motion is denied with respect to Counts I and III and granted as to Count II.

## **FACTS**[1]

Plaintiff, was employed by defendant from May 2002 until November 2004 as a shipping and receiving manager.  Between February 2004 and June 25, 2004, plaintiff notified her

---

[1] For purposes of a motion to dismiss, the court accepts the factual allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff.  Travel All Over the World v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir.1996).

supervisors that she was pregnant with twins and that her doctor imposed restrictions that limited her work hours and the weight that she should lift. Plaintiff alleges that defendant did not accommodate these restrictions.

In May 2004, plaintiff learned that an assistant manager position was open, was told that it was hers if she wanted it, and was instructed to speak with the district manager regarding the position. It is unclear from the pleadings whether plaintiff conversed with the district manager about her interest in the open position. Ultimately, the position was given to a Caucasian male. Plaintiff had a conversation with the district manager about the position being given to someone else. The district manager told plaintiff that she was not given the position because her maternity leave would fall during the holiday season and defendant could not have a manager on leave during that time.

On June 25, 2004, plaintiff went into premature labor while lifting a box at work. Plaintiff's twins were born fourteen weeks early. As a result of the premature births, one child died and the other had serious health complications. In July 2004, the store manager told plaintiff that her job would be held open until February 1, 2005. Plaintiff was terminated by defendant in November 2004. Plaintiff alleges that after her termination, defendant cancelled plaintiff's health insurance and returned some COBRA payments.

Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") on March 14, 2005, alleging gender and disability discrimination and retaliation. The EEOC was unable to determine from its investigation whether any statutes were violated and issued a right to sue letter on March 24, 2006.

**DISCUSSION**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), plaintiff need only provide defendant with fair notice of the basis of her claims. Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 514 (2002). "[A] plaintiff is free, in defending against a motion to dismiss, to allege without evidentiary support any facts he pleases that are consistent with the complaint, in order to show that there is a state of facts within the scope of the complaint that if proved (a matter for trial) would entitle him to judgment…[H]e doesn't…have to plead those facts." Early v. Bankers Life and Casualty Co., 959 F.2d 75, 79 (7th Cir. 1992). All inferences are drawn in favor of the plaintiff when assessing a motion to dismiss. Simpson v. Nickel, 450 F.3d 303, 306 (7th Cir. 2006). Specifically in the employment discrimination context the Supreme Court has held that "under a notice pleading system, it is not appropriate to require plaintiff to plead facts establishing a prima facie case." Swierkiewicz, 534 U.S. at 510.

Count I: Discrimination based on Gender and Pregnancy

In Count I, plaintiff alleges that defendant violated Title VII by denying her a promotion and then terminating her because she was pregnant. Defendant argues that plaintiff fails to state a claim because: (1) it is untimely; (2) plaintiff fails to allege that she actually applied for an open position; and (3) plaintiff fails to state that she was terminated based on her gender.

Defendant first challenges plaintiff's Title VII discrimination claim as being untimely because the complaint does not allege a particular date of the offense. In addressing the sufficiency of a complaint in regards to its timeliness, the Seventh Circuit has held that "[t]he plaintiff can plead a conclusion – that the charge of discrimination was timely – and then if the conclusion is questioned in a motion or a brief[,] hypothesized facts that if proved would

3

establish it." Early v. Bankers Life and Casualty Co., 959 F.2d at 78. If a defendant wants to establish a fact or a date they must present it as evidence. A motion to dismiss would fall under Fed. R. C. P. 56(e); plaintiff would no longer be able to rest on the pleadings or hypothesized facts. Id.

In the instant case, plaintiff alleges that defendant discriminated against her by failing to promote her in May of 2004 due to her gender and pregnancy. For plaintiff's claim to be timely, she had to file a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment action. See 42 U.S.C. § 12117(a); 42 U.S.C.A. § 2000e-5(e); Stepney v. Naperville School Dist. 203, 392 F.3d 236, 239 (7th Cir. 2004). Plaintiff filed her charge of discrimination with the EEOC on March 14, 2005; thus, the discriminatory event, plaintiff's notification that she did not receive the promotion, had to take place on or after May 18, 2004, for the charge to be timely. See Sharp v. United Airlines, Inc., 236 F.3d 368, 372 (7th Cir. 2001). The court may infer for the purposes of this motion that the discriminatory event took place between May 18, and May 31, 2004.[2] Plaintiff has therefore alleged facts consistent with the complaint that can be construed to show that she has stated a timely cognizable claim. See Early, 959 F.2d at 79. Defendant's motion to dismiss plaintiff's Title VII claim as untimely is denied.

---

[2]Plaintiff asserts in her response to defendant's motion that the "continuing violation" doctrine applies to this claim, either because it is difficult for the plaintiff to establish the exact date of the discriminatory action, or because discrete acts of discrimination are part of an ongoing pattern of discrimination which continued into the actionable time period. See, e.g., Herr v. City of Chicago, 447 F.Supp.2d 915, 919 (N.D. Ill 2006). However, this claim arose from one discrete act: plaintiff's notification that she did not receive the promotion. Plaintiff should therefore know when that notification occurred. Additionally, the failure to promote involved only a single act of discrimination, which does not constitute an ongoing pattern of discrimination against plaintiff.

Second, defendant asserts that plaintiff failed to state a failure to promote claim because she did not allege all the elements of a Title VII claim. The Supreme Court has held that under the notice pleading regime of federal court, a plaintiff is not required to plead facts that establish a prima facie case; plaintiff must merely provide the defendant with fair notice of the basis for the claim. Swierkiewicz, 534 U.S. at 510-14. The Seventh Circuit clarified that fact pleading is unnecessary because when addressing a motion to dismiss, a plaintiff does not need to establish an issue because the court will construe all relevant facts as consistent with plaintiff's claims. Simpson, 450 F.3d at 306.[3]

In the instant case plaintiff has alleged or the court can infer each element of a failure to promote claim under Title VII. The elements of a failure to promote claim are: (1) plaintiff is a member of a protected class; (2) she applied for and was qualified for the promotion she sought; (3) she was rejected for the position; and (4) defendant promoted someone who is not a member of a protected class and was not more qualified than plaintiff. Bickhem v. United Parcel Service, 949 F. Supp. 630, 635 (N.D. Ill. 1996). Plaintiff alleges that she was a pregnant woman. The court may infer that she applied for an open position, and plaintiff asserts that she was qualified for that position. Plaintiff further claims that she was denied the position due to her pregnancy, and she alleges that the position was given to a Caucasian male. Plaintiff's complaint alleges that these actions violated Title VII. Because the complaint provides sufficient notice of the

---

[3]Defendant argues that plaintiff must allege all facts of her prima facie case to assert a failure to promote claim. However, the authority cited by defendant references to a motion for summary judgment, which is subject to a different standard of review than a motion to dismiss. Plaintiff is not required to establish all relevant facts to survive a motion to dismiss. Swierkiewicz, 534 U.S. at 510-14.

basis for plaintiff's claims, the court denies defendant's motion to dismiss plaintiff's failure to promote claim.

Third, defendant asserts that plaintiff failed to a state a claim that she was terminated due to her sex. As in the context of the failure to promote claim, plaintiff's complaint need not state facts to establish a prima facie case; plaintiff need only provide fair notice of her claims to the defendant. Swierkiewicz, 534 U.S. at 510-14. The element of a Title VII sex discrimination claim are: (1) plaintiff is a member of a protected class; (2) she was meeting legitimate job expectations; (3) she suffered an adverse employment action; and (4) other similarly situated employees, not members of a protected class, were treated more favorably. Wells v. Unisource Worldwide, Inc., 289 F.3d 1001, 1006 (7th Cir. 2002).

Again, plaintiff has alleged or the court can infer each element of a Title VII sexual discrimination claim. Plaintiff is female, and she alleges that she was meeting defendants legitimate employment expectations, was denied an open promotion, and was eventually terminated. The court can infer from plaintiff's allegations that a Caucasian male, a similarly situated employee, was promoted instead of plaintiff. Because plaintiff has provided fair notice of the basis for her claim, defendant's motion to dismiss plaintiff's Title VII termination claim for failure to state a claim is denied.

Count II: Disability Discrimination

In Count II, plaintiff claims that defendant violated the ADA by refusing to make the doctor-recommended accommodations for plaintiff's pregnancy and denying plaintiff a promotion due to her pregnancy. Defendant has moved to dismiss, arguing that: (1) plaintiff's

pregnancy does not constitute a disability under the ADA; (2) there was no obligation for defendant to make accommodations; and (3) her claims should be dismissed as untimely.

To state a claim for employment discrimination under the ADA, plaintiff must establish: (1) that she has a disability recognized by the ADA; (2) she was meeting her employer's legitimate employment expectations; (3) she suffered an adverse employment action; and (4) similarly situated employees received more favorable treatment. Rooney v. Koch Air, LLC, 410 F.3d 376, 380-381 (7th Cir. 2005). Alleging a disability recognized by the ADA is a threshold claim. Gee v. City of Chicago Pub. Sch., 2002 U.S. Dist. LEXIS 6629 at *6. Plaintiff has alleged that she was pregnant with twins and, as a result, her doctor imposed work hours and weight lifting restrictions. Plaintiff has not alleged any impairment other than pregnancy itself either before or after her pregnancy.

Pregnancy alone is not a disability under the ADA. Chambers v. Wildman, Harrold, Allen, & Dixon, 1997 U.S. Dist. LEXIS 16514, *8 (N.D. Ill. Oct. 22, 1997). Pregnancy-related impairments have been found to constitute disabilities under the ADA only when there are allegations of a chronic or permanent impairment in addition to pregnancy that began before or continues after the pregnancy. 29 C.F.R. § 1630.2(j)(2); Chambers, 1997 U.S. Dist. LEXIS 16514, *8; Patterson v. Xerox Corp., 901 F. Supp. 274, 277 (N.D. Ill. 1995) (finding that a pre-existing back injury aggravated by pregnancy constituted a disability under the ADA). Because plaintiff has alleged no other impairments besides her pregnancy, the court finds that plaintiff has not alleged that she has a disability under the ADA. Therefore, plaintiff does not have a

basis for relief under the statute. Defendant's motion to dismiss plaintiff's claim of discrimination due to pregnancy under the ADA is granted.[4]

Count III: Discrimination due to Association with a Person with a Disability

In Count III, plaintiff claims that defendant violated the ADA when defendant terminated plaintiff because she was regarded as the mother of a child with a disability. Defendant has moved to dismiss this claim on three grounds: (1) plaintiff failed to allege that she was qualified for her job after November 2004, the end of her protected leave time under FMLA; (2) defendant was not obligated to grant plaintiff extended time off to care for her child; and (3) plaintiff failed to allege that her child was disabled under the ADA.

Defendant's third challenge to plaintiff's claim will be addressed first because, as in plaintiff's claim of disability discrimination under the ADA, plaintiff must first establish that her association claim involves a person with a disability protected by the ADA. The elements of an ADA association claim are: (1) plaintiff was qualified for her job at the time of an adverse employment action; (2) she was subjected to an adverse employment action; (3) she was known by defendant at the time to be related to someone with a disability; and (4) the adverse employment action occurred under circumstances raising a reasonable inference that her son's disability was a determining factor in plaintiff's termination. Larimer v. International Business Machines, Corp., 370 F.3d 698, 701 (7th Cir 2004). Plaintiff alleges that she was qualified for her job at the time of her termination. Plaintiff further alleges that defendant regarded her son as

---

[4]Because disability status is a threshold issue in ADA claims, the court will not address defendant's other grounds for dismissal. See Toyota Motor Mfg,, Kentucky, Inc. v. Williams, 534 U.S. 184, 193 (2002).

having a disability when she was terminated. Finally she implies that her termination was due to the cost of insuring her son, who had significant medical bills.

To satisfy the third element of this claim, plaintiff must establish that her son has a disability under the ADA. Thus, plaintiff must allege that her son: (1) has a physical or mental impairment that substantially limits one or more of his major life activities; (2) has a record of such impairment; or (3) is regarded as having such an impairment. See 42 U.S.C.A. § 12102(2). Plaintiff alleges that at the time of her son's birth, on June 25, 2004, he had serious health complications due to his premature birth. Plaintiff further alleges that at the time of her termination defendant regarded her as the mother of a child with a disability.

Although the complaint is vague, it is minimally adequate on the claim that plaintiff was regarded by the defendant as the mother of a child with a disability. "A person is "regarded as disabled" when the employer, rightly or wrongly, believes that [he] has an impairment that substantially limits one or more major life activities." Cigan v. Chippewa Falls School Dist., 388 F.3d 331, 335 (7th Cir. 2004). It is not clear that plaintiff's son's health complications are covered by the ADA's standard for a disability. However, it is not necessary to allege a disability addressed by the ADA for a "regarded as" claim. Plaintiff alleges that at the time of her termination defendant regarded her son as disabled, and this was a determining factor in her termination. Defendant's motion to dismiss plaintiff's association claim under the ADA is denied because plaintiff has pled sufficient facts to notify defendant of the grounds for her association claim.

Returning to defendant's first challenge to plaintiff's claim, the court can infer that plaintiff was qualified for the position in November 2005. Defendant also asserts that it was not

obligated to provide extended time off to plaintiff because she was associated with someone who had, or was regarded as having, a disability. Defendant is correct that the ADA does not require an employer to provide reasonable accommodations for employees who are associated with someone who has a disability. Anthony v. United Tel. Co. of Ohio, 277 F.Supp. 2d 763, 776 (6th Cir. 2002). However, plaintiff is not claiming that defendant failed to make a reasonable accommodation for her in recognition of her association with someone who had a disability. Plaintiff has sufficiently pled that she was wrongfully terminated because she was regarded as the mother of a child with a disability. Defendant's motion to dismiss plaintiff's association claim is denied.

## **CONCLUSION**

For the reasons stated above, defendant's motion is denied as to Counts I and III and granted as to Count II. Defendant is ordered to respond to Counts I and III of plaintiff's amended complaint on or before April 26. This matter is set for a hearing on status May 9, 2007, at 9:00 a.m.

**ENTER:** April 5, 2007

_____
**Robert W. Gettleman
United States District Judge**